U.S. DISTRICT COURT
WESTERN DISTRICT of LOUISIANA
RECEIVED - ALEXANDRIA

MAR 3 0 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 93-CR-20046-2 |
| VS. | : | JUDGE TRIMBLE |
| FRANCISCO B. LOPEZ | : | MAGISTRATE JUDGE WILSON |

### ORDER

Before the Court is a "Motion under Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Movant's Sentence" (doc. #521) filed by petitioner, Francisco B. Lopez. The United States has filed a response to Petitioner's motion, opposing the same. On March 18, 1997, Petitioner filed a § 2255 motion. On May 5, 1997, Petitioner filed a supplement to his § 2255 motion. On May 12, 1997, the district court denied Petitioner's § 2255 motion.

On July 11, 1997, Petitioner filed a notice of certificate of appealability which was denied by the district court on July 21, 1997. On August 4, 1997, Petitioner filed objections to the denial of the certificate of appealability and on February 4, 1998, the district court denied Petitioner's application to proceed in forma pauperis.

On February 3, 1999, the United States Court of Appeals for the Fifth Circuit granted Petitioner's motion for a certificate of appealability. On September 27, 1999, the United States Court of Appeals for the Fifth Circuit vacated in part and affirmed in part the district court's denial of the defendant's § 2255 motion.

The court again denied Petitioner's § 2255 motion and denied a certificate of appealability

as to the § 2255 motion.[1] On February 2, 2001, the United States Court of Appeals for the Fifth Circuit denied a certificate of appealability as to the § 2255 motion.

On June 7, 1999, Petitioner filed a motion to correct sentence which was denied for lack of jurisdiction.

On March 6, 2002, Petitioner filed a § 2241 motion in the United States District Court for the Western District of Texas, Austin Division raising the same issues he had raised in the § 2255 motion filed in the Western District of Louisiana. The District court dismissed the motion without prejudice for lack of jurisdiction and barred the Petitioner from filing any pleading asserting claims that "must be brought under a 28:2255 until he receives permission from the 5th Circuit Court of Appeals.[2]

On November 8, 2004, Petitioner filed an application for writ of habeas corpus under 28 U.S.C. § 2241 in the United States district court for the Northern District of Texas, Dallas Division. On June 21, 2006, the United States Court of Appeals for the Fifth Circuit affirmed the district court's denial of that § 2241 motion.[3]

In his motion, Petitioner is seeking to obtain credit towards the instant sentence pursuant to U.S.S.G. § 5G1.3(b), for time he served on the Texas conviction prior to the imposition of the instant sentence. The current § 2255 motion is a second or successive motion. Petitioner has not obtained a certificate from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 motion. Petition must receive authorization from the Court of Appeal before

---

[1] July 19, 2000, September 25, 2000, respectively.

[2] See Docket sheet, Western District of Texas, Austin Division, #1:02-cv-00146ss.

[3] See Docket sheet, Northern District of Texas Dallas Division, #3:04-cv-02397.

filing a successive § 2255 motion.[4] Because Petitioner has not sought and obtained permission from the Court of Appeals to file the successive § 2255 motion, the Court lacks jurisdiction to consider the motion. Accordingly, it is

**ORDERED** that the Motion under Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Movant's Sentence (doc. #521) is hereby DISMISSED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 30th day of March, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[4] See 28 U.S.C. §§ 2255, 2244(b)(3)(A); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).